**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NAEEM MALIK,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE<br>CORPORATION and LUMINARE<br>HEALTH BENEFITS, INC.,<br><br>      Defendants. | Case No. 4:25-CV-01761 |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Health Care Service Corporation ("HCSC") and Luminare Health Benefits, Inc.

("LHB") (together, "Defendants") hereby remove the above-entitled action from the 11th Circuit

Court of Saint Charles County, Missouri, to the United States District Court for the Eastern District

of Missouri, Eastern Division. Removal is based on the following grounds:

**I.       PROCEDURAL HISTORY**

1.        On October 24, 2025, Plaintiff Naeem Malik ("Plaintiff" or "Malik") commenced

this Action by filing a petition for damages against Defendants in the 11th Circuit Court of Saint

Charles County, Missouri, entitled *Naeem Malik v. Health Care Service Corporation et al.*, Case

No. 2511-CC01463 (the "Complaint"). In the Complaint, Plaintiff asserts claims of race-, national-

origin-, and age-based discrimination and retaliation under the Missouri Human Rights Act

("MHRA"). (*See* Ex. 1 (hereinafter, "Cmplt.").)[1] Plaintiff alleges that Defendants did not select

him for internal positions to which he applied and was qualified and instead selected younger, non-

---

[1] A copy of the remainder of the state court file is attached hereto as Exhibit 2 in accordance with 28 U.S.C. § 1446(a).

Pakistani individuals, and that Defendants retaliated against him after he complained of discrimination by issuing him corrective action that impacted his compensation and eligibility for promotions. (Cmplt. ¶¶ 14-20, 24-25.)

2.      LHB and HCSC were served with copies of the Summons and Complaint via their registered agents on November 7 and 14, 2025, respectively. (Exs. 3-4.)

3.      Defendants vigorously deny that they have engaged in any form of wrongdoing or that Plaintiff is entitled to any damages as alleged in the Complaint.

## II.      THE REMOVAL IS TIMELY

4.      Notice of removal of a civil action shall be filed within thirty days after the receipt by defendant of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1).

5.      Defendants were served with copies of the Summons and Complaint in the Action on November 7 and 14, 2025. (Exs. 3-4.) Therefore, this Notice of Removal is timely filed.

## III.      REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

6.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is removable pursuant to 28 U.S.C. §1441(b). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Both requirements are satisfied in this case.

### A.      Complete Diversity of Citizenship Exists

8.      A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen. *See* 28 U.S.C. § 1441(b).

9.      Plaintiff is a citizen of and resides in the state of Missouri. (*See* Cmplt. ¶ 1.)

10.      As corporations, HCSC's and LHB's citizenship is determined by both the state in which they are incorporated and the state where they have their principal places of business. *See* 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court has confirmed the "phrase 'principal place of business' in 28 U.S.C. § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"—i.e., the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This location is typically "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]" *Id.*; *see also Wierman v. Casey's General Stores*, 638 F.3d 984, 1004 (8th Cir. 2011).

11.      Under these principles, HCSC is a citizen of the state of Illinois, and LHB is a citizen of the states of Delaware and Illinois.

12.      HCSC is incorporated in the state of Illinois and its "principal place of business" is located at its corporate headquarters in Chicago, Illinois, where its corporate officers and executives "direct, control, and coordinate" HCSC's activities. (*See* Declaration of Doug Sondgeroth, ¶ 3, attached hereto as Exhibit 5.)

13.     LHB is incorporated in the state of Delaware, and its "principal place of business" is located at its corporate headquarters in Illinois, where its corporate officers and executives "direct, control, and coordinate" LHB's activities. (*See id.*, ¶ 5.)

14.     Plaintiff alleges that HCSC is a corporation registered with the Missouri Department of Insurance ("MDI") and that LHB is a corporation registered with the MDI and the Missouri Secretary of State ("MSS"). (Cmplt. ¶¶ 2-3.) Plaintiff further alleges that Defendants regularly conduct business in Saint Charles County, Missouri. (*Id.*) While Defendants do not dispute these allegations, the fact that a corporation is registered with the MDI and/or the MSS or that it regularly conducts business in a state does not establish citizenship for purposes of diversity jurisdiction. *Quality Res., Inc. v. Pfizer, Inc.*, No. 4:14-CV-1149 CEJ, 2014 WL 5343341, at *2 (E.D. Mo. Oct. 20, 2014) ("Given the state of defendant's incorporation and the location of its nerve center, the fact that defendant conducts business or has an office in Missouri would not destroy diversity.").

15.     Indeed, HCSC is registered as a "foreign" corporation with the MDI, with its "State of Domicile" as Illinois and its main office located in Illinois. (*See* Ex. 6.) LHB is likewise registered as a "foreign" corporation with the MDI and with the MSS, with its "State of Domicile" or "Home State" as Delaware and its principal or main office located in Illinois. (*See* Ex. 7.)

16.     Accordingly, Plaintiff and Defendants are completely diverse for purposes of 28 U.S.C. § 1332(a) because Defendants are not citizens of the State of Missouri and Plaintiff cannot claim citizenship in either of the states of which Defendants are citizens for purposes of diversity jurisdiction.

**B.      The Amount in Controversy Exceeds $75,000**

17.      Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011).

18.      In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including lost wages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977); *see also*, *e.g.*, *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *White v. United Parcel Serv.*, No. 4:11CV00707 AGF, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012).

19.      In connection with his discrimination and retaliation claims, Plaintiff alleges he has suffered "financial loss including but not limited to lost wages and benefits, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life" in excess of $25,000. (*See* Cmplt. ¶¶ 50, Prayer for Relief.) Plaintiff also seeks attorneys' fees and costs as well as punitive damages. (*Id.* ¶¶ 51, 52, Prayer for Relief.) All of these claimed damages are includable in calculating the amount in controversy for diversity jurisdiction purposes. *See White*, 2012 WL 760936, at *3.

20.      Where, as here, a complaint does not seek a specific amount of damages, the Court must look beyond the complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Bobo v. Levin*, No. 4:21-CV-701 RLW, 2021 WL 3128530, at *2 (E.D. Mo. July 23, 2021). In such cases, "a defendant's notice of removal need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold." *Henderson v. State Farm Fire & Cas. Co.*, 113 F.4th 1042, 1050 (8th Cir. 2024) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Indeed, the removing party need not prove that "the damages *are* greater than the requisite amount," but that the "fact finder *might* legally conclude that they are." *Fischer v. Vital Pharms., Inc.*, No. 4:22-CV-136, 2022 WL 1185153, at *1 (E.D. Mo. Apr. 21, 2022) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)),

21. The removing defendant "may use a variety of sources to show the amount in controversy, such as deposition testimony, answers to interrogatories, statements by counsel, stipulations, settlement offers, and other correspondence between the parties." *See, e.g.*, *Dixon v. Time Warner, Inc.*, No. 09-CV-00834-W-HFS, 2010 WL 11509030, at *1 (W.D. Mo. Feb. 19, 2010) (citations and quotations omitted). And "such proof may include evidence of similar cases" in which damages meeting the jurisdictional threshold were awarded. *Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013); *see also Rodgers v. Wolfe*, No. 4:05CV01600ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) ("The Court may consider relevant jury verdicts in determining whether damages are likely to exceed $75,000.00."). In this Action, the potential amount in controversy exceeds the $75,000 jurisdictional minimum.

22. *First*, Plaintiff seeks damages in the form of loss of income, including backpay with interest "and fringe benefits" "from the time of the unlawful discrimination" as well as front pay. (*See* Cmplt., Prayer for Relief.) Regarding backpay, while Plaintiff does not allege the increased pay he would have received had he been selected for any of the positions to which he applied and/or if his pay and bonus increases allegedly had not been reduced as a result of the corrective action issued to him in November 2024, the difference in what Plaintiff earned compared to what he alleges he should have earned in back pay through the date of the judgment, plus (potentially)

up to two years of front pay equal to that difference, would be included in calculating the jurisdictional minimum. *See, e.g.*, *Walker v. Fed. Express*, No. 4:19-CV-00068-AGF, 2019 WL 2603544, at *3 (E.D. Mo. June 25, 2019) ("back pay is calculated based on the difference between what the plaintiff would have earned had he remained employed and what he actually earned, counting from the date of termination until the date of reinstatement or judgment" and "front pay may be awarded where reinstatement is not feasible") (citing *Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 637 (8th Cir. 1998) (affirming two years of front pay)).

23.     *Second*, regardless of the exact amount of alleged lost wages, courts have found the amount in controversy requirement satisfied based on other categories of damages even when the alleged lost wages fell short of the $75,000 threshold where, as here, the plaintiff also sought compensatory damages, punitive damages, and/or attorneys' fees. *See*, *e.g.*, *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("As we see it, the federal court has jurisdiction here unless, as a matter of law, [plaintiff] could not recover punitive damages or damages for emotional distress, the amount of damages that she could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents."); *White*, 2012 WL 760936, at *3 (holding where the plaintiff claimed she was "losing $200 per week" and "the addition of punitive damages and recovery for emotional distress to the compensatory damages noted above would allow a finder of fact to 'legally conclude' that the jurisdictional minimum has been met") (citations omitted).

24.     Plaintiff seeks compensatory damages for "past and future mental anguish, inconvenience, loss [of] quality of life, and pain and suffering" (Cmplt., Prayer for Relief), which, again, are considered in determining whether the jurisdictional minimum is met. *See Polites*, 2013 WL 2420674, at *2. Indeed, courts in this Circuit have held that such allegations alone are

7

sufficient to satisfy the amount in controversy requirement. *See, e.g.*, *Jarrett v. Henkel Corp.*, No. 4:15-CV-0832-DGK, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (denying motion to remand where, inter alia, defendants "cited several MHRA cases in which compensatory damages alone exceeded $75,000"). Moreover, Missouri state and federal courts have awarded emotional distress or other compensatory damages for discrimination and/or retaliation claims exceeding the jurisdictional minimum. *See, e.g., Williams v. City of Kansas City*, 641 S.W.3d 302, 314 (Mo. Ct. App. 2021) (awarding $160,000 in compensatory damages to plaintiff alleging retaliatory denial of training and promotion opportunities). Accordingly, without conceding that Plaintiff is entitled to any award of emotional distress or similar compensatory damages, the fact that he requests compensatory damages alone demonstrates that the amount in controversy likely surpasses the $75,000 jurisdictional threshold.

25.     *Third*, Plaintiff seeks punitive damages against Defendants (Cmplt. ¶ 52), which are available under the MHRA and count towards the amount-in-controversy requirement for diversity cases. *See Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) ("punitive damages are included in the amount in controversy"). The Eighth Circuit "has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases." *Polites*, 2013 WL 2420674, at *2. Accordingly, "it is clear that the finder of fact could potentially award well in excess of the $75,000 threshold" including (or even solely based on) punitive damages. *Id.*; *Henderson*, 113 F.4th at 1051 (holding that diversity jurisdiction existed where plaintiffs "did not include an amount in controversy in their petition in state court" but sought unpaid benefits and punitive damages available under state law); *see also Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 360, 363 (8th Cir. 2009) (awarding $10,000 in lost wages, $20,000 in compensatory damages, and $120,000 in punitive damages).

26.     *Fourth*, Plaintiff seeks recovery of attorneys' fees. (Cmplt. ¶¶ 51, Prayer for Relief.) Courts in the Eighth Circuit "have awarded five- and six-figure awards for attorney[s'] fees in MHRA cases." *Walker*, 2019 WL 2603544, at *3; *see also Wallace*, 563 F.3d at 363 (affirming attorneys' fees award of $220,000); *Jarrett*, 2016 WL 407301, at *2 ("Defendants have cited several MHRA cases in which compensatory damages alone exceeded $75,000, and several other MHRA cases where the attorneys' fee award exceeded $75,000."). Because Plaintiff's claims are brought under the MHRA, it is reasonable to assume that, if litigated to a verdict, such an amount for attorneys' fees could be awarded. *See Reinbold v. AGCO Corp.*, No. 4:21-CV-01154-SEP, 2021 WL 6062506, at *3 (E.D. Mo. Dec. 22, 2021).

27.     While Defendants deny any and all liability to Plaintiff, as established above, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

28.     Therefore, this Action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332, based on the complete diversity of the parties and because the amount in controversy is in excess of $75,000.

## IV.     VENUE IS PROPER

29.     The Action is being removed from the 11th Circuit Court of Saint Charles County, Missouri, which is within the Eastern District of Missouri, Eastern Division, and therefore is within the jurisdiction of this Court. Venue accordingly lies in this Court pursuant to 28 U.S.C. § 1441(a).

## V.        THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

30.     A complete copy of the file from the Action, including copies of the Summonses, Complaint, and all pleadings, process, and orders in the Action, is attached hereto as Exhibits 1-4 in accordance with 28 U.S.C. § 1446(a).

31.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

32.     All defendants have been properly joined, served with state-court process, and consented to the removal. Copies of Defendants' signed consents to removal are attached hereto as Exhibits 8 and 9.

33.     As required by 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal in the 11th Circuit Court of Saint Charles County, Missouri, and will promptly serve counsel for Plaintiff with a copy of this Notice.

34.     For the foregoing reasons, this Court has diversity question jurisdiction over the Action. This Action meets the jurisdictional amount required for removal based on diversity of citizenship under 28 U.S.C. § 1332(a) and, accordingly, is removable pursuant to 28 U.S.C. §1441.

35.     If any question arises as to the propriety of the removal of this Action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

36.     Defendants reserve and do not waive any defenses and objections they may have to this Action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

**WHEREFORE**, Defendants respectfully request that the Action now pending in the 11th Circuit Court of Saint Charles County, Missouri, *Naeem Malik v. Health Care Service Corporation*

*et al.*, Case No. 2511-CC01463, be removed to the United States District Court for the Eastern District of Missouri, Eastern Division, and request that this Court accept jurisdiction over the Action, and that the Action be placed on the docket of this Court for further proceedings as though this Action had originally been instituted in this Court.

Dated:  December 4, 2025                    Respectfully submitted,

*/s/ Jill S. Vorobiev*
Jill S. Vorobiev (6237734)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Tel.: (312) 324-1000
jill.vorobiev@morganlewis.com

J. Yasmin Tayyab Simon (66820)
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
Tel.: (214) 466-4000
yasmin.simon@morganlewis.com

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 4, 2025, a copy of the foregoing Notice of Removal was filed with the Clerk of the Court via the Court's ECF system and has been served via Federal Express and via email on this 4th day of December, 2025, upon:

Kevin J. Kasper
Ryan P. Schellert
3930 Old Hwy 94 South – Suite 108
St. Charles, MO 63304
kevinkasper@kasperlawfirm.net
ryanschellert@kasperlawfirm.net

*Attorneys for Plaintiff*

/s/     *Jill S. Vorobiev*
Jill S. Vorobiev