# EXHIBIT 1

**2511-CC01463**

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| NAEEM MALIK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: |
| | ) |
| | ) Division: |
| HEALTH CARE SERVICE CORPORATION | ) |
| Serve: | ) |
| 300 East Randolph Street | ) |
| Chicago, IL 60601-5099 | ) JURY TRIAL DEMANDED |
| | ) |
| And, | ) |
| | ) |
| LUMINARE HEALTH BENEFITS, INC. | ) |
| Serve: | ) |
| Registered Agent | ) |
| Corporate Creations Network Inc. | ) |
| 12747 Olive Blvd Ste 300 | ) |
| Saint Louis, MO 63141 | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Naeem Malik (hereinafter "Plaintiff"), by and through his

attorneys and his Petition for Damages against Defendant Health Care Service Corporation and

Defendant Luminare Health Benefits, Inc. states:

**JURISDICTION AND PARTIES**

1.      Plaintiff is an individual and resident of Saint Charles County, Missouri.

2.      Defendant Health Care Service Corporation ("HCSC") is a corporation registered

with the Missouri Department of Insurance who regularly conducts business in Saint Charles

County, Missouri.

1

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

3.      Defendant Luminare Health Benefits, Inc. ("Luminare") is a corporation registered with the Missouri Secretary of State and the Missouri Department of Insurance who regularly conducts business in Saint Charles County, Missouri.

4.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in St. Charles County, Missouri.

5.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA).

6.      Plaintiff timely dually filed a charge of discrimination with the  Equal Employment Opportunity Commission and the Missouri Commission on Human Rights.

7.      The Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue on October 23, 2025.

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff began working for the predecessor of Defendants, Trustmark, in January 2022 as a Team Supervisor in its Health Benefits subsidiary.

9.      Trustmark Health Benefits was acquired by HCSC and placed within its Luminare subsidiary in 2022.

10.      HCSC and Luminare are Plaintiff's joint employers and share common ownership and management.

11.      Plaintiff's team has consistently been a top performer since it has been under his leadership.

12.      Plaintiff applied for numerous positions that he was qualified for within the Defendant's companies, including the following requisitions:

  a.   R0030557 Manager Eligibility

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

    b.  R0032731 Manager Plan Documents - LHB

    c.  R0029539 Plan Builder - LHB

    d.  R0027911 HCM Operations Training Specialist - LHB

    e.  R0027388 Business Analyst II - LHB

    f.  R0025607 Senior Systems Coordinator

    g.  R0025607 Senior Systems Coordinator

    h.  R0022234 Resource Mgmt Analyst

    i.  R0021794 Operations Planning Specialist

    j.  R0022205 Sr Mgr Customer Service

    k.  R0022105 Data Analyst

13. The positions Plaintiff applied for would be considered promotions and would provide an increase in pay, prestige and responsibilities.

14. Plaintiff was selected for interviews for many of the positions, however, he did not receive any of the positions.

15. Plaintiff was in his late 50's when he applied for the positions

16. Plaintiff is of Pakistani national origin.

17. The positions were given to younger individuals of non-Pakistani origin.

18. Plaintiff was more qualified than the individuals whom defendants gave the positions to.

19. Plaintiff's age, race and national origin (or perceived age, race or national origin) were motivating factors in the companies' decisions to not hire him for the positions.

20. Plaintiff discussed the companies' discriminatory promotional practices with his manager without any success.

3

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

21.     Plaintiff reached out to the Senior Vice President and Chief Human Resources Officer via email on October 18, 2024 regarding his concerns including lack of opportunities with in the companies for minorities and mentioned he believed his age was an influence in the companies' failure to promote him.

22.     Plaintiff did not receive a response from HR.

23.     On October 23, 2024, Plaintiff forwarded the email he had sent to the Senior Vice President and Chief Human Resources Officer to the CEO for Luminare Health requesting assistance with the issues he had raised.

24.     On November 6, 2024 the companies issued me a corrective action plan, for events that had occurred approximately 5 months earlier.

25.     The corrective action plan prevents Plaintiff from seeking other positions within the companies for one year and reduces his bonus and pay increases.

26.     Plaintiff filed charges of discrimination against Luminare (FE-01/25-39432; 563-2025-01343) and HCSC (FE-01/25-39433; 563-2025-01342) on January 22, 2025.

27.     After I filed the charges of discrimination, Luminare and HCSC continued to harass and discriminate against me.

28.     Plaintiff expressed interest in a Call Center Accuracy Analyst position that was open.

29.     Plaintiff discussed the promotion with the Executive Director.

30.     Soon after this discussion regarding the promotion , the Executive Director issued Plaintiff a corrective action on September 30, 2025; the Corrective action was purportedly given based on time card issues with one of Plaintiff's reports that had happened months earlier.

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

31.     The corrective action prevents Plaintiff from being promoted as well as pay increases and bonuses.

32.     Luminare and Health Care Service Corporation discriminated against Plaintiff because of his age and national origin (or perceived age or national origin) and they retaliated against him for his complaints of discrimination.

### COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

33.     Plaintiff restates and incorporate as though fully stated herein, all previous and subsequent paragraphs of his Petition.

34.     This count is authorized and instituted under the Missouri Human Rights Act (MHRA), Section 213.010 R.S.Mo. et seq.

35.     At all relevant times herein, the Defendant was an employer as defined by the MHRA.

36.     Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, et seq.

37.     During Plaintiff's employment with the Defendant, he was treated differently because of his race, national origin, age and his complaints of discrimination.

38.     Defendant took discriminatory actions towards the Plaintiff in regard to his job duties and by treating non-minorities employees and younger employees more favorable.

39.     Plaintiff was subject to discriminatory actions by the Defendant and its agents and employees.

40.     The discrimination and retaliation of the Plaintiff affected a term, condition, or privilege of his employment.

41.     Defendant took discriminatory actions towards the Plaintiff in regard to his job

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

duties by terminating Plaintiff from his employment, because of his race, national origin and age and by retaliating against the Plaintiff because of his complaints of discrimination.

42.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

43.     The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect him status as an employee, because of his race, national origin, age and his complaints of discrimination.

44.     The Defendant discharged and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his race, national origin, age and his complaints of discrimination.

45.     The Defendant retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

46.     Plaintiff's his race, national origin, age and his complaints of discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a motivating factor in Defendant's discrimination and retaliation and actions against him.

47.     The Defendant actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

48.     Plaintiff was discriminated against and terminated by the Defendant because of his race, national origin, age and complaints of discrimination and for exercising his rights under the Missouri Human Rights Act, as it relates to employment.

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

49.    Defendant and its agents and employees, have discriminated and retaliated against Plaintiff, including terminating him because of Plaintiff's race, national origin, age and complaints of discrimination.

50.    Plaintiff has suffered financial loss including but not limited to lost wages and benefits, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

51.    Plaintiff is entitled to recover attorney's fees and costs related to this matter.

52.    The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff pray this court after a trial, for which a jury is hereby demanded, to find that the Defendant has violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excessive of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs, through counsel, respectfully request a trial by jury on all issues.

7

Electronically Filed - St Charles Circuit Div - October 24, 2025 - 03:34 PM

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*